# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC., and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> WHATSAPP INC., <br><br> Defendant. | Civil Action No. 6:16-cv-225 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc., and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, WhatsApp Inc. ("WhatsApp"), allege as follows:

## THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a placed of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of unified telecommunications.  Uniloc's technologies enable unified telecommunication clients to establish and use collaborative VoIP text, media, audio and video communication solutions.

Uniloc's technologies are used in several markets, including unified communications and business VoIP telephony.

4.     Upon information and belief, WhatsApp is a Delaware corporation having a principal place of business at 6501 Castro Street, Suite 120-219, Mountain View, California 94041 and does business via distributing infringing software to users in Texas and in the judicial Eastern District of Texas.  WhatsApp may be served with process through its registered agent.

## JURISDICTION AND VENUE

5.     Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, WhatsApp has committed acts of infringement in this judicial district, has purposely sought and transacted business involving the accused products/services in this judicial district and/or has a regular and established place of business in this judicial district.

7.     WhatsApp is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of their past infringing activities, and (B) regularly doing or soliciting business, engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,571,194)

8.     Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,571,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR IN INITIATING A CONFERENCE CALL that issued on October 29, 2013. A true and correct copy of the '194 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '194 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following describes, at least in part, WhatsApp's Messenger software:



12. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger software works:



13. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger software works:

## How it works

WhatsApp Messenger is a cross-platform mobile messaging app which allows you to exchange messages without having to pay for SMS. WhatsApp Messenger is available for iPhone, BlackBerry, Android, Windows Phone and Nokia and yes, those phones can all message each other! Because WhatsApp Messenger uses the same internet data plan that you use for email and web browsing, there is no cost to message and stay in touch with your friends.

In addition to basic messaging WhatsApp users can create groups, send each other unlimited images, video and audio media messages.

Download

14. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger software works:



15. Upon information and belief, the following describes, at least in part, the functionality of WhatsApp's Messenger software:

Placing a WhatsApp call

To make a WhatsApp call, simply open the chat with the person you want to call and tap on the phone icon on bottom of the chat screen.

16. Upon information and belief, the following describes, at least in part, the functionality of WhatsApp's Messenger software:



17. Upon information and belief, the following describes, at least in part, a screenshot generated by WhatsApp's Messenger software:



18. Upon information and belief, the following describes, at least in part, a screenshot generated by WhatsApp's Messenger software:



19. Upon information and belief, the following describes, at least in part, a screenshot generated by WhatsApp's Messenger software:



20. WhatsApp has directly infringed one or more claims of the '194 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 3 and 4, either literally or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling software that implements messaging/voice call technology including, without limitation, its Messenger software.

21. WhatsApp may have infringed the '194 Patent through other software utilizing the same or reasonably similar functionality as above, including other versions of its Messenger software. Uniloc reserves the right to discover and pursue all such additional infringing software. For the avoidance of doubt, the WhatsApp Messenger software is identified for exemplary purposes and in no way limits the discovery and infringement allegations against WhatsApp concerning other software that incorporates the same or reasonably similar messaging/voice call functionality.

22. In addition, should WhatsApp's Messenger software be found to not literally infringe the asserted claims of the '194 Patent, WhatsApp's Messenger software would nevertheless infringe the asserted claims of the '194 Patent. More specifically, the WhatsApp Messenger software performs substantially the same function (contains instructions for implementing an instant message to voice call capability), in substantially the same way (comprising computer readable instructions contained or loaded into non-transitory memory), to yield substantially the same result (effecting an instant message to voice conference call). WhatsApp would thus be liable for direct infringement under the doctrine of equivalents.

23. WhatsApp has indirectly infringed and continues to indirectly infringe at least claims 1, 3 and 4 of the '194 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale selling, and/or importation of at

least WhatsApp's Messenger software.  WhatsApp's customers who use such software in accordance with WhatsApp's instructions directly infringe one or more of the above identified claims of the '194 Patent in violation of 35 U.S.C § 271.

24.  WhatsApp instructs its customers in the use of its Messenger software through the Internet, demonstrations, training videos, brochures and administration, maintenance, installation and/or user guides, such as those located at the following:

https://www.whatsapp.com

https://www.whatsapp.com/faq/en/android/28000016

https://www.whatsapp.com/faq/en/general/28030007

https://www.whatsapp.com/faq/en/iphone/28041117

WhatsApp is thereby liable for infringement of the '194 Patent pursuant to 35 U.S.C § 271(b).

25.  WhatsApp has indirectly infringed and continues to indirectly infringe at least claims 1, 3 and 4 of the '194 Patent, by among other things, contributing to the direct infringement by others, including without limitation users of its Messenger software, by making, using, offering to sell, or selling, in the United States, and/or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '194 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

26.  For example, the WhatsApp Messenger software module that allows users to initiate a call from an instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and

belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, WhatsApp is liable for infringement pursuant to 35 U.S.C § 271(c).

25. WhatsApp will have been on notice of the '194 Patent since, at the latest, the service of this complaint. By the time of trial, WhatsApp will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1, 3 and 4 of the '194 Patent.

26. WhatsApp has infringed the '194 Patent as set forth above in the United States during the pendency of the patent.

27. Uniloc has been damaged, reparably and irreparably, by WhatsApp's infringement of the '194 Patent and such damage will continue unless and until WhatsApp is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against WhatsApp as follows:

(A)	that WhatsApp has infringed the '194 Patent;

(B)	awarding Uniloc its damages suffered as a result of WhatsApp's infringement of the '194 Patent;

(C)	enjoining WhatsApp, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '194 Patent;

(D)	awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)	granting Uniloc such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated:  March 18, 2016

Respectfully submitted,

*/s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Telephone: (617) 951-2500
Facsimile: (617) 951-3927
Email: pjh@c-m.com
Email: ktg@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS UNILOC USA, INC., AND UNILOC LUXEMBOURG, S.A.,**